UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **QURAN S. RICHARDSON,** | Civil Action No. 23-20820 (SDW) |
| **Petitioner,** | |
| v. | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

**WIGENTON**, District Judge:

Presently before this Court is Petitioner Quran S. Richardson's motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 ("Petition"). (ECF No. 1). Respondent United States opposes the Petition. (ECF No. 6). This Court will determine the Petition on the briefs pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, the Petition is dismissed as untimely. Petitioner is denied a certificate of appealability.

**I. BACKGROUND**

Petitioner pled guilty on September 13, 2018 to an Information charging him with being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). *United States v. Richardson*, No. 18-cr-0549 (D.N.J.) ("Crim. Case") (ECF No. 18).[1] This Court sentenced him to a custodial term of 110 months on December 18, 2018. (Crim. Case ECF No. 23). Petitioner did not file an appeal with the United States Court of Appeals for the Third Circuit.

On or about February 28, 2022, Petitioner filed a motion to dismiss the Information pursuant to the All Writs Act, 18 U.S.C. § 1651. (*Id.* ECF No. 26). He argued that the United

---

[1] This Court takes judicial notice of the public filings in Petitioner's criminal case.

States did not allege in the Information that he had knowledge of his felon status contrary to *Rehaif v. United States*, 588 U.S. 225 (2019). (*Id.* at 6). The United States filed opposition stating that Petitioner was required to raise his *Rehaif* argument in a § 2255 motion and that his *Rehaif* argument was otherwise meritless. (*Id.* ECF No. 29).

This Court issued a notice pursuant to *Castro v. United States*, 540 U.S. 375 (2003). (*Id.* ECF No. 30.) Petitioner was informed that construing the All Writs motion as a § 2255 motion would subject him to the limitations on second or successive § 2255 motions and may prevent him from filing a § 2255 motion at a later time. (*Id.* at 2). This Court ordered Petitioner to decide whether he wanted to have the motion construed as his one, all-inclusive § 2255 motion, withdraw his motion and file a new all-inclusive § 2255 motion, or have the motion construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*Id.* at 2-3). On May 31, 2022, Petitioner submitted a letter trying to circumvent a choice between the three options provided by indicating that he was entitled to relief under §§ 1651, 2241, and 2255. (*Id.* ECF No. 31 at 1). Because Petitioner did not affirmatively state that he wanted the motion to be his one, all-inclusive § 2255 motion, this Court construed the motion as a § 2241 habeas petition and transferred it to the United States District Court for the Western District of Pennsylvania.[2] (*Id.* ECF No. 32). The District Court dismissed the § 2241 petition for lack of jurisdiction. *Richardson v. Underwood*, No. 3:22-cv-0096 (W.D. Pa. Feb. 28, 2023).

Petitioner filed the current Petition on October 3, 2023. (ECF No. 1). He argues that his conviction violates the Second Amendment after *Rehaif* and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) because his prior conviction involved a non-violent felony. (*Id.*

---

[2] Petitioner was confined in Federal Correctional Institution Loretto in Cresson, Pennsylvania at the time. (Crim. Case ECF No. 32 ¶ 5).

2


at 3). Having previously advised Petitioner of the limitations on second or successive § 2255 motions, this Court ordered the United States to answer the Petition on November 27, 2023. (ECF No. 2).

The United States filed an answer on March 1, 2024. (ECF No. 6). It argues that the Petition is barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f). (*Id.* at 4). It argues in the alternative that Petitioner's Second Amendment challenge is meritless. (*Id.* at 6). Petitioner did not file a reply.

## II. LEGAL STANDARD

"A defendant in federal custody may file a motion collaterally attacking his sentence based on certain specifically listed grounds, namely that the sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence 'is otherwise subject to collateral attack[.]'" *United States v. Peppers*, 899 F.3d 211, 220 (3d Cir. 2018) (quoting 28 U.S.C. § 2255(a) (alteration in original)). A *pro se* motion and any supporting submissions must be construed liberally and with a measure of tolerance. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

## III. DISCUSSION

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021). Here, the record conclusively demonstrates that Petitioner is not entitled to relief. Therefore, this Court will not conduct an evidentiary hearing.

Under AEDPA, a petitioner has one year to challenge a federal conviction and sentence by filing a motion under 28 U.S.C. § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner did not file an appeal after sentencing. The judgment of conviction was entered on December 18, 2018. (Crim. Case ECF No. 23). Therefore, Petitioner's judgment became final 14 days later on January 2, 2019.[3] *See* Fed. R. App. P. 4(b)(1)(A)(i). Under § 2255(f)(1), a timely § 2255 motion would have been due on January 2, 2020. The Petition is untimely under § 2255(f)(1).

The Petition is also untimely to the extent Petitioner relies on the Supreme Court's *Rehaif* and *Bruen* decisions for § 2255(f)(3) purposes. *Rehaif* was decided on June 21, 2019. 588 U.S. 225. To be timely under § 2255(f)(3), Petitioner was required to file his § 2255 motion by June 22, 2020. This Petition was not filed until October 3, 2023. (ECF No. 1). Petitioner's original All Writs Act motion was filed February 28, 2022, (Crim. Case ECF No. 26), so that motion was late as well. Petitioner cannot rely on *Rehaif* to reset his statute of limitations.

Petitioner also may not rely on *Bruen*. In *Bruen*, the Supreme Court held that state licensing schemes imposing special burdens on citizens seeking concealed carry permits violated the Second

---

[3] January 1, 2019 was a federal holiday. Fed. R. Civ. P. 6(a)(1)(C).

4

Amendment. "In *Bruen*, the Supreme Court did not announce a new rule of constitutional law retroactively applicable to persons with criminal convictions, and thus is inapplicable to the present circumstances." *United States v. Neal*, No. 19–cr–0230–1, 2024 WL 1095814, at *2 (W.D. Pa. Mar. 13, 2024). Additionally, petitioner filed his *Bruen* claim more than a year after the June 23, 2022 decision. Accordingly, *Bruen* does not restart the AEDPA limitations period, and the Petition is untimely and must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court will deny a certificate of appealability because reasonable jurists would not find it debatable that the Petition is untimely.

## IV. CONCLUSION

For the reasons stated above, this Court will dismiss the Petition as untimely, 28 U.S.C. § 2255(f). This Court denies a certificate of appealability. An appropriate order follows.

Date:          June 18 , 2025

　　　　　　　　　　　　　　　　　　　　　Hon. Susan D. Wigenton
　　　　　　　　　　　　　　　　　　　　　United States District Judge